IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| PAUL RICHARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0017 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner PAUL RICHARDS. By his habeas application, petitioner challenges a January 22, 2002 prison disciplinary proceeding wherein petitioner was found guilty of the disciplinary offense of committing an act defined as a felony by the laws of the State of Texas, engaging in organized criminal activity by conspiring to commit murder, and was punished with the forfeiture of 420 days previously accrued good time credits.[1] For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

HAB54\DISCIP\R&R\MERITS\RICHARDS-P.GEN&CON:2

I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20020125128 in the following respects:

1. Petitioner was denied effective assistance of counsel at the disciplinary hearing because counsel substitute failed to fully investigate the charged offense;

2. Petitioner was denied due process because the disciplinary hearing officer failed to follow disciplinary procedures and rules;

3. Petitioner was denied his constitutional right to examine the evidence against him and to cross-examine witnesses;

4. The disciplinary charges were false and the finding of guilt was based on false evidence; and

5. Petitioner has been denied mandatory supervised release on his 20-year sentence for aggravated robbery assessed in January 1983.

II.
STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 265th Judicial District Court of Dallas County, Texas. In *State v. Richards*, No. F82-90459-TR, petitioner was found guilty of the felony offense of aggravated robbery with a deadly weapon and, on January 7, 1983, was sentenced to a term of imprisonment of twenty (20) years.

Petitioner is also in the lawful custody of TDCJ-CID pursuant to a judgment and sentence out of the 349th Judicial District Court of Houston County, Texas. In *State v. Richards*, No. 12,586-CR, petitioner pleaded guilty to the felony offense of aggravated assault of a corrections officer with a deadly weapon and, on March 20, 1989, was sentenced to a term of imprisonment of seven

(7) years. Such sentenced was "stacked" on petitioner's 20-year sentence. Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## III.
## MERITS

The undersigned finds the instant habeas application should be denied on the merits. Petitioner has not shown the challenged forfeiture of accumulated good conduct time was in violation of the United States Constitution. Accordingly, petitioner is not entitled to federal habeas corpus relief.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff* in any of the disciplinary proceedings. Further, review of the disciplinary

proceeding records reveals petitioner was afforded the full panoply of constitutional procedural due process requirements under *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

Petitioner first argues he is entitled to relief because he was denied effective assistance of counsel substitute during the disciplinary proceeding.[2] Inmates, however, do not have a federal constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976). Consequently, petitioner may not complain about the quality or any deficiencies of the representation he received at the disciplinary hearing, nor may he obtain relief on such a claim. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982).

Petitioner next argues he is entitled to relief because the disciplinary adjudications were flawed in that TDCJ-CID rules were not followed. Petitioner does not identify what rules, policies or procedures were not followed. Even so, this claim is not cognizable on federal habeas corpus review.

Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules

---

[2] Petitioner does not identify with specificity any purported deficiencies on the part of counsel. Instead, he merely argues counsel substitute failed to fully investigate his disciplinary charge. Petitioner also does not argue how any such purported deficiencies prejudiced him.

does not establish a constitutional violation).

Furthermore, as noted above, petitioner has asserted only a generalized allegation of rule violations, without any specifics, for the Court to consider. Moreover, petitioner does not offer anything to substantiate or support his allegation. Petitioner's claim is thus conclusory, does not raise a constitutional issue for habeas review, and should be summarily dismissed. *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).

Petitioner also contends he is entitled to relief because he was denied his constitutional right to examine the evidence against him and to cross-examine witnesses. This claim is without merit. Petitioner fails to identify any evidence which he claims he was not permitted to examine, or any witnesses he contends he was not permitted to cross-examine. Again, petitioner's allegations are generalized, conclusory, and without any evidentiary support and will not support a claim for federal habeas relief.

Petitioner next argues the disciplinary charges brought against him were false and the finding of guilt was based on false evidence. Petitioner does not identify which evidence against him he claims was false, or clarify whether he contends all evidence against him was false, nor does he clarify the manner in which such evidence was false.

It is the law of the Fifth Circuit that the findings of a prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way

of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication.  Petitioner cannot meet this burden as there clearly was <u>some</u> evidence, as demonstrated by the offense reports and supporting documents, *viz.*, the incident data form, confidential informant checklist, and TDCJ-ID Inter-Office Communication, to support respondent's finding of petitioner's guilt.  *See* Respondent's Answer, Exhibit B, at 1-15.  Petitioner has not demonstrated the disciplinary charges brought against him were false, that the finding of guilt was based on false evidence, what evidence was false, or the manner in which such evidence was false.  Petitioner is not entitled to habeas relief on this ground.

Petitioner appears to argue he has been denied due process because he has not been released from his 20-year sentence for aggravated robbery assessed in January 1983, even though he necessarily discharged such sentence in January 2003; and/or petitioner has been denied due process because he has not been released to mandatory supervision on his aggravated robbery conviction.  Petitioner has not provided the Court with any time sheets reflecting petitioner has been continually incarcerated on his 20-year sentence so as to support any possible claim that he has discharged his 20-year sentence.  Moreover, petitioner's 7-year sentence has been stacked onto petitioner's 20-year sentence.  Consequently, it is permissible, under Texas law, to calculate the sentences as one 27-year sentence.  *See Ex parte Wickware*, 853 S.W.2d 571 (Tex. Crim. App. 1993).  As petitioner has not shown he is being forced to serve more than a total of twenty-seven (27) years, no federal constitutional violation has been shown and no federal habeas relief is warranted.  Lastly, the automated telephone system for TDCJ-CID indicates, on this date, that petitioner will be eligible for mandatory supervised release from his sentences on March 23, 2006.  Petitioner has not demonstrated, or argued with any specificity, that this date is incorrect.

To the extent, if any, petitioner claims his loss of good time has affected his parole eligibility adversely, petitioner's claim is not appropriate for federal habeas corpus relief. Petitioner possesses no liberty interest in obtaining release on parole, therefore, petitioner has failed to present a cognizable constitutional claim .

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner PAUL RICHARDS is without merit and should be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 10th day of May 2005.

/s/ Clinton E. Averitte
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are

allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).